**In the Interest of C.S., A Child.**

No. 01–99–01473–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 28, 2000.

George Anthony Young, Houston, for Appellant.

Carol M. Cameron, John B. Holmes, Houston, for Appellee.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.*

## OPINION

O'CONNOR, Justice.

C.S., a juvenile and the appellant here, was tried before a master of the juvenile court, who made a finding that the appellant had engaged in delinquent conduct. The master recommended the appellant be committed to the Texas Youth Commission. The juvenile court judge signed a judgment to that effect.

On appeal, the appellant contends a master must comply with Texas Family Code section 54.10, which requires a referee to inform juveniles that they are entitled to a hearing before the juvenile court judge. We agree, and reverse and remand.

### Factual Background

On May 4, 1999, C.S. was charged with misdemeanor assault for biting another child. The trial court found C.S. engaged in delinquent conduct and assessed punishment of probation for one year. He was placed at the Burnett Bayland Reception Center (BBRC).[1] On August 31, 1999, C.S. was involved in an altercation with another child at BBRC, namely, grabbing and choking him. The State filed a motion to revoke probation.

A hearing was conducted on the motion to revoke, where Robert Molder was the master. He admonished C.S. that he had "a right to have a hearing at this trial before the Court." C.S. made no objection to the master proceeding, and did not sign a written waiver of the right to have the

trial before the juvenile judge. Master Molder found the appellant had engaged in delinquent conduct and recommended the appellant be committed to the Texas Youth Commission. The juvenile court judge signed a judgment to that effect.

### Discussion

In issue one, C.S. contends the master did not inform him of his right to have the hearing before the juvenile court judge and did not obtain a signed waiver from both C.S. and his attorney of the right to have the case heard by the judge in accordance with Family Code section 54.10(a). In issue two, C.S. asserts Pat Shelton, the judge of the 313th District Court of Harris County, Texas, erred in approving the master's recommendation.

Issue one can be divided into two parts. One, was the information provided by the master sufficient to apprise the appellant that he had a right to a hearing before the juvenile court judge? Two, did the master comply with the provisions of Texas Family Code section 54.10(a)(2)?

### 1. Notice of right to hearing

■ The first part of issue one requires us to determine if the master informed the appellant he had a right to a hearing before the juvenile court judge. The notice of a right to a hearing before a juvenile court judge applies to the statute both before and after the 1999 amendments. The master told C.S., "You have a right to have a hearing at this trial before the court, but not before the jury." That was the only information provided to C.S. concerning a hearing before a juvenile court judge.

This statement was not sufficient to inform the appellant he had a right to have the hearing before the juvenile court

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. C.S. was removed from his home because he has no father of record and his mother is incarcerated.

judge. It does not inform C.S. that Robert Molder was merely a master and not a juvenile court judge, or that he would make findings and recommendations to the juvenile court judge. Section 54.10(a)(1) specifically requires the juvenile be informed of his right to have his hearing conducted before the "juvenile court judge," not the "court." It is unclear as to what the master meant by the "court ." As far as C.S. was concerned, they were in the "court" when the statement was made. It is clear from the record that although C.S. was informed of his right to have the hearing before the "court," he was not specifically informed, as required by Section 54.10(a)(1), of his right to have the hearing before the "juvenile court judge."

At a minimum, to comply with Section 54.10(a)(1), the master or referee must inform the juvenile that (1) he is entitled to have a hearing before the juvenile court judge, and (2) the referee or master is not a juvenile court judge.

We find the appellant was not informed of his right to have a hearing before the juvenile court judge. We sustain part one of the appellant's issue one and decline to address the remaining issues.

We reverse the judgment of the trial court and remand this case for further proceedings consistent with the opinion of this Court.